No. 87,967

In the Matter of MATTHEW B. WORKS, *Respondent.*

(43 P.3d 816)

Opinion filed April 19, 2002.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Stephen W. Cavanaugh,* of Topeka, argued the cause for respondent, and *Matthew B. Works,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Matthew B. Works, of Topeka, an attorney admitted to the practice of law in the State of Kansas. Respondent stipulated to the facts and to the violations of the Kansas Rules of Professional Conduct as set out in the formal complaint.

In Case No. DA7792, respondent stipulated to violations of Kansas Rules of Professional Conduct (KRPC) 1.3 (2001 Kan. Ct. R. Annot. 323), diligence and promptness; KRPC 1.4(a) (2001 Kan. Ct. R. Annot. 334), communication; and KRPC 3.4(d) (2001 Kan. Ct. R. Annot. 406), fairness to opposing party and counsel. In Case No. DA8078, respondent stipulated to violations of KRPC 1.1 (2001 Kan. Ct. R. Annot. 312), competence; and KRPC 1.3 (2001 Kan. Ct. R. Annot. 323), diligence and promptness.

The hearing panel of the Kansas Board for Discipline of Attorneys agreed with respondent and concluded that respondent violated KRPC 1.1, 1.3, 1.4(a), and 3.4(d). The panel recommended that respondent be suspended from the practice of law for a 1-year period, but that the imposition of the discipline be suspended and respondent be placed on supervised probation for a period of 18 months. In making the recommendation, the panel applied the ABA Standards for Imposing Lawyer Sanctions (1991) and specifically considered Standard 3:

"Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. The Respondent violated his duty to his clients to provide diligent representation and to provide adequate communication.

"*Mental State*. The Respondent negligently violated his duty.

"*Injury*. Because of the Respondent's misconduct, Ms. Byler and Ms. Stauffer lost their causes of action. Accordingly, the Hearing Panel concludes that the complainants suffered actual injury. Certainly, however, the injury suffered by Ms. Byler and Ms. Stauffer was mitigated by the settlement made by the Respondent's professional liability carrier."

## The panel found the following aggravated factors:

"Prior Disciplinary Offenses. The Respondent has previously been informally admonished in three cases: on November 23, 1993, the Respondent was admonished for violating MRPC 1.4 and MRPC 1.5; on September 22, 1998, the Respondent was admonished for violating MRPC 1.4; and on April 7, 2000, the Respondent was admonished for violating KRPC 1.3. (Footnote: At the time the Respondent was disciplined in 1993 and 1998, the disciplinary rules in the state of Kansas were known as the Model Rules of Professional Conduct rather than the Kansas Rules of Professional Conduct.)"

## The panel found the following mitigating circumstances:

"Absence of Dishonest or Selfish Motive. The Respondent did not have a dishonest or selfish motive in committing the misconduct.

"Timely Good Faith Effort to Make Restitution. The Respondent informed Ms. Byler regarding his professional liability insurance carrier. Ms. Stauffer filed suit against the Respondent. Both Ms. Byler and Ms. Stauffer received settlements from the Respondent's professional liability insurance carrier. Finally, the Respondent paid the deductible on each claim.

"Present and Past Attitude of Cooperation. The Respondent cooperated fully in the disciplinary investigation and prosecution.

"Previous Good Character and Reputation. The Respondent is an active and productive member of the bar in Topeka, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by several letters received by the Hearing Panel.

"Mental Disability. Mental disability is a mitigating factor in this case because there was evidence that (1) the Respondent was affected by a mental disability, (2) the mental disability caused the misconduct, (3) the Respondent's recovery from the mental disability was demonstrated by a meaningful and sustained period of successful rehabilitation, (4) the recovery arrested the misconduct, and (5) recurrence of that misconduct is unlikely.

"Imposition of Other Penalties or Sanctions. Ms. Byler and Ms. Stauffer received settlements from the Respondent's professional liability insurance carrier. Pursuant to the policy, the Respondent paid a deductible on each claim.

"Remorse. At the hearing on this matter, the Respondent expressed genuine remorse for engaging in the misconduct.

"Remoteness of Prior Offense. The informal admonition administered in 1993 is remote."

The stipulated facts show that respondent failed to diligently handle two personal injury cases and failed to respond to reasonable requests for discovery and motions to dismiss, failed to take any action after he filed the petitions, and failed to keep his clients informed regarding the status of their cases.

We agree with the stipulation and conclusions of the panel that respondent has violated KRPC 1.3 in both cases, and in addition has violated KRPC 1.1, 1.4(a), and 3.4(d).

IT IS THEREFORE ORDERED that imposition of discipline against respondent Matthew B. Works be suspended and that he be placed on supervised probation for a period of 18 months from the date of this order.

IT IS FURTHER ORDERED:

(1) The respondent will continue his treatment for depression with Dr. George I. Athey, Jr., throughout the period of supervised probation unless, in Dr. Athey's opinion, continued treatment is no longer necessary. Dr. Athey shall notify the Disciplinary Administrator in the event that the Respondent discontinues treatment against the recommendation of Dr. Athey during the probationary period. The respondent shall provide Dr. Athey with an appropriate release of information to allow Dr. Athey to provide such information to the Disciplinary Administrator.

(2) The respondent is currently taking Celexa. The respondent shall have regular contact with a qualified medical professional regarding his medication. The respondent shall follow the qualified medical professional's recommendation regarding any medications prescribed.

(3) The respondent's practice shall consist of criminal defense cases. Additionally, the respondent may accept cases related to criminal defense, *i.e.* driver's license suspension cases, drug tax cases, etc. The respondent shall not engage in the representation of clients in civil matters, including domestic relations cases.

(4) The respondent's practice will be supervised by attorney John J. Ambrosio, of Topeka. The respondent shall allow Mr. Ambrosio access to his client files, calendar, and trust account records. The respondent shall comply with any requests made by Mr. Ambrosio. During the first year of the period of probation, the respondent shall meet with Mr. Ambrosio weekly. During the final 6 months of the period of probation, the respondent shall meet with Mr. Ambrosio as directed by Mr. Ambrosio. Mr. Ambrosio shall prepare a monthly report to the Disciplinary Administrator regarding the Respondent's status on probation.

(5) Within 30 days of the date of this report, Mr. Ambrosio shall conduct an initial audit of the respondent's files. Six months after the completion of the first audit, Mr. Ambrosio shall conduct a second audit. At the completion of the supervised probation, Mr. Ambrosio shall conduct a third audit. After each audit, Mr. Ambrosio shall make a report regarding the audit. If Mr. Ambrosio discovers any violations of the Kansas Rules of Professional Conduct, Mr. Ambrosio shall include such information in his report. Mr. Ambrosio shall provide the Disciplinary Administrator and the respondent with a copy of each audit report. The respondent shall follow all recommendations and correct all deficiencies noted in Mr. Ambrosio's periodic audit reports.

(6) Attorney John J. Ambrosio shall be acting as an officer and as an agent of the court while supervising the probation and monitoring the legal practice of the respondent. Mr. Ambrosio shall be afforded all immunities granted by Supreme Court Rule 223 (2001 Kan. Ct. R. Annot. 294) during the course of his activities as directed by this order.

(7) Within 10 days of this report, the respondent shall file with the Disciplinary Administrator written office procedures designed to monitor the status, deadlines, and court appearances of all matters in which he has undertaken representation. The respondent shall modify that procedure if directed to do so by the Disciplinary Administrator. The respondent shall follow the written office procedures.

(8) The respondent shall continue to cooperate with the Disciplinary Administrator. If the Disciplinary Administrator requests

any additional information, the respondent shall timely provide such information.

(9) The respondent shall continue to maintain professional liability insurance.

(10) The respondent shall not violate the terms of his probation or the provisions of the Kansas Rules of Professional Conduct. In the event that the respondent violates any of the terms of probation or any of the provisions of the Kansas Rules of Professional Conduct at any time during the probationary period, the respondent shall immediately report such violation to the Disciplinary Administrator.

IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to respondent, and this court shall take whatever disciplinary actions it deems just and proper, without further formal proceedings.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs of the proceedings be assessed to respondent.